UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEGEND MOBILE, INC., and
PETER KLAMKA in his individual
capacity,

    Plaintiffs,

v.                                          Case No. 05-73080

REBEKAH CHANTAY REVELS,          HONORABLE AVERN COHN
JEAN RENARD, and
MISS WORLD HOLDINGS, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT REVELS'
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT
AND DIRECTING DEFENDANT REVELS TO FILE AN ANSWER**

**I. Introduction**

This is a declaratory judgment action. Plaintiffs Legend Mobile, Inc. (Legend Mobile) and Peter Klamka (Klamka) are suing Defendants Rebekah Chantay Revels (Revels), Jean Renard (Renard), and Miss World Holdings, Inc. (Miss World)[1] for a declaration that, <u>inter</u> <u>alia</u>, Revels does not have a claim against plaintiffs for her participation in the 2002 Miss World pageant.

---

[1] The docket indicates that neither Renard nor Miss World has filed an answer or otherwise appeared.

Before the Court are two motions: (1) Revels' Motion to Dismiss and (2) Revels' Motion for Summary Judgment.[2]  For the reasons that follow, the motions are DENIED. Because Revels apparently filed her motion to dismiss in lieu of filing an answer, she is directed to file an answer with the Court and serve it on plaintiffs within ten (10) days of the date of this order.  FED. R. CIV. P. 12(a)(4)(A).

## II. Background[3]

Revels was a participant in the 2002 Miss World pageant.  Also in 2002, Klamka, an investment banker and president of Legend Mobile, loaned $25,000 to Miss World to provide start-up capital.  He agreed to provide consulting services to Miss World. Plaintiffs say that they had nothing to do with Miss World and its operations; rather, they say that Renard controlled the daily operations and management of Miss World.

Plaintiffs say that, in 2002, Revels and her attorney regularly solicited Klamka for money and publicity.  They say that Revels called and wrote to Klamka in Michigan in hopes of entering into a contractual relationship with him.[4]  They say that Klamka directed Revels to Renard and explained that he was an investor in Miss World only and had nothing to do with its operations.  Plaintiffs say that Revels repeatedly has

---

[2] Revels' papers indicate that she is proceeding pro se.  She stated on the record during oral argument that two attorneys – one from North Carolina and one from Michigan – have assisted her with this case, but no attorney has filed an appearance on her behalf.

[3] The background is taken from the complaint and the parties' papers, all of which are deficient in their presentation of the factual background relevant to this case. Indeed, the complaint contains no factual allegations.

[4] The parties do not explain what Revels thought the subject matter of the contractual relationship to be.

threatened lawsuits against them and made defamatory statements about them to the media and people with whom plaintiffs conduct business.

Plaintiffs bring this action so this Court can "determine, once and for all, what the relationship is between the parties." Pl. Br. at 3.

### III. Discussion[5]

### A. Legal Standards

### 1. Motion to Dismiss[6]

### a. Lack of Personal Jurisdiction

The plaintiff has the burden of establishing a court's jurisdiction over a defendant. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). If the defendant's motion under Fed. R. Civ. P. 12(b)(2) is decided solely on the parties' written submissions, the plaintiff need only make a prima facie showing of jurisdiction to defeat the defendant's motion. Weller v. Cromwell Oil Co., 504 F.2d 927, 930 (6th Cir. 1974). "Under these circumstances, the burden on the plaintiff is relatively slight and the district court 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'" Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980) (internal citation omitted). A prima facie showing requires the plaintiff to "demonstrate facts which support a finding of jurisdiction. . . ." Id. at 438 (internal quotation and citation omitted).

---

[5] Plaintiffs say that Revels failed to follow the Eastern District of Michigan's local rules regarding seeking concurrence in motions. Indeed, Revels papers are devoid of references to any attempt(s) she made to seek concurrence in her motions. See E.D. Mich. LR 7.1(a).

[6] Revels cites three grounds for her motion to dismiss: (1) lack of personal jurisdiction, (2) lack of subject matter jurisdiction, and (3) failure to state a claim upon which relief may be granted.

### b. Lack of Subject Matter Jurisdiction

A motion under Rule 12(b)(1) challenges the sufficiency of the pleading, and in reviewing such a challenge, the Court takes the allegations in the complaint as true. Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

### c. Failure to State a Claim Upon Which Relief Can Be Granted

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

### 2. Motion for Summary Judgment[7]

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to

---

[7] Revels did not comply with the Court's summary judgment motion practice guidelines. For the Court's motion practice guidelines, see http://www.mied.uscourts.gov/_practices/cohn/motion.htm.

find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party."  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be

5

granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## B. Analysis

### 1. Personal Jurisdiction

In a case premised on diversity of citizenship jurisdiction, 28 U.S.C. § 1332, a federal court only may exercise personal jurisdiction "if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Under Michigan law, personal jurisdiction over a non-resident defendant can be invoked either under the state's general or limited jurisdiction statutes. Electrolines, Inc. v. Prudential Assur. Co., 260 Mich. App. 144, 166 (2003).

Michigan's general personal jurisdiction statute allows the Court to exercise general personal jurisdiction over a defendant if the defendant (1) was present in Michigan at the time when process was served, (2) was domiciled in Michigan at the time when process was served, or (3) consented to jurisdiction in Michigan. MICH. COMP. LAWS § 600.701. Revels, a resident of North Carolina, does not state that she was present in Michigan or was domiciled in Michigan when served with process. Given her motion to dismiss, Revels likewise did not consent to jurisdiction in Michigan. Accordingly, the Court must analyze personal jurisdiction over her under Michigan's limited jurisdiction (i.e., long-arm) statute:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

>(1) The transaction of any business within the state.
>
>(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
>
>(3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
>(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
>(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
>(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
>(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS § 600.705.

Revels says that the complaint does not allege that she availed herself of the privilege of acting in Michigan, that plaintiffs' cause of action arises from her activities in Michigan, or that her acts have a substantial enough connection with Michigan to make the exercise of personal jurisdiction reasonable. Most of these arguments are directed to the second prong of the personal jurisdiction inquiry (i.e., whether exercise of jurisdiction comports with due process). Plaintiffs, through Klamka's affidavit, have established that Revels and her attorney "consistently contacted" him in Michigan via mail and telephone to ask Klamka to handle Revels' publicity. Klamka Aff. at ¶ 7. Klamka also affirms that Revels and her attorney "consistently contacted" him in Michigan via mail and telephone to ask Klamka to provide money to Revels, to solicit his professional services, and to seek a contractual relationship with him. Id. at ¶¶ 8-9.

Based on this submission, plaintiffs have established that jurisdiction over Revels is authorized under Michigan's long-arm statute.

The Court must next consider whether exercising personal jurisdiction over Revels comports with due process. Michigan courts require satisfaction of the same three criteria the Sixth Circuit requires to find that a non-resident defendant has had sufficient contacts with a forum to support personal jurisdiction. See Green v. Wilson, 455 Mich. 342, 363 (1997). These three criteria are:

> First, the defendant must purposefully avail himself of the privilege of conducing activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable.

Id.

The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). "So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction." Id. at 475 n.18. "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." Id. at 476. Here, Klamka affirmed that Revels "consistently contacted" him via mail and telephone for a variety of purposes that form the basis of his declaratory judgment action. Revels had the opportunity to file a reply brief responding to his affirmations, but she did not. Based on this record, the purposeful availment

8

requirement has been satisfied.

Plaintiffs' cause of action appears to arise in part from Revels' participation in the 2002 Miss World pageant and her contacts with Klamka requesting publicity services, money, professional services, and a contractual relationship.  See Compl. at ¶¶ 8(a)-(b) (seeking a declaration that Revels has no claims against plaintiffs that arise from her participation in the Miss World pageant and that Revels does not have a contractual or quasi-contractual claim against plaintiffs).

Finally, Revels' activities of which plaintiffs complain, i.e., her contacts with Klamka described above, are substantially connected to Michigan because Klamka's affidavit establishes that she and her attorney contacted Klamka only in Michigan via mail and telephone.  Given this, the Court has personal jurisdiction over Revels.

### 2. Subject Matter Jurisdiction

Revels next says that the Court does not have subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000.  Revels is correct that the complaint does not expressly allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, as 28 U.S.C. § 1332(a) requires.  The complaint does, however, state that "[t]his claim is brought as an action in diversity and satisfies the jurisdictional amount."  Compl. at ¶ 7.  Additionally, Klamka affirmed that Revels has caused damages to plaintiffs in excess of $75,000.  Klamka Aff. at ¶ 12.  The Court declines to dismiss on the basis of a lack of subject matter jurisdiction.

### 3. Failure to State a Claim

Finally, Revels says that this case should be dismissed because there is no case or controversy. Revels says that the Court has discretion to enter a declaratory judgment under 28 U.S.C. § 2201 and that, given the allegations in the complaint, the Court should decline to exercise its discretion. Plaintiffs respond that there is a case or controversy because Revels filed a lawsuit against them in North Carolina state court claiming, inter alia, breach of contract.

Revels is correct that the Court's power to enter a declaratory judgment is permissive and not mandatory. See, e.g., Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 812 (6th Cir. 2004) ("Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory."). The Court, however, will not dismiss on this basis.

### 4. Summary Judgment

Revels makes one argument in support of her motion for summary judgment: that the Court should dismiss this case based on res judicata. Revels says that, before plaintiffs filed this suit, she already filed suit against them in the Superior Court of Robeson County, North Carolina. Revels says that the North Carolina court entered a default against Legend Mobile and Klamka. She attached to her motion an amended judgment dated October 25, 2005 in which the North Carolina court entered judgment against Klamka and Legend Mobile in the amount of $77,672.20. The North Carolina court noted that Klamka and Legend Mobile made no appearance. The court's findings of fact and conclusions of law provide, in part, that:

- In October 2002, Klamka and Legend Mobile entered into a

> contract in North Carolina for Revels to serve as the U.S. representative to the Miss World pageant in November 2002; and
>
> ■ The contract provided for Klamka to provide to Revels, inter alia, travel expenses, including airfare, meals, and hotel; a "significant public relations effort;" coaching, training, and other development; the payment of $15,000 to Revels in 2003; a clothing allowance of $3,000; and development of commercial opportunities.

The North Carolina court found that Revels fully performed her responsibilities under the contract but that Klamka and Legend Mobile failed to perform their responsibilities other than to provide Revels roundtrip airfare to participate in the pageant.

Revels says that, based on this judgment from the North Carolina court, the complaint in the instant case must be dismissed based on claim preclusion. Michigan courts broadly apply res judicata to claims previously litigated and those arising out of the same transaction that could have been raised with the exercise of reasonable diligence. Dart v. Dart, 460 Mich. 573, 586 (1999). The doctrine is employed to prevent multiple suits litigating the same cause of action. Adair v. State, 470 Mich. 105, 121 (2004). Res judicata bars a second action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. Id.

Plaintiffs say that the Court should not grant Revels' motion because (1) the North Carolina court did not have personal jurisdiction over them, and (2) they never received notice of Revels' North Carolina suit and never had an opportunity to defend themselves against Revels' request for a default judgment against them. Accordingly, plaintiffs say that the Court should not recognize the North Carolina "amended judgment." Plaintiffs rely on the Uniform Foreign Money-Judgments Recognition Act

11

(UFMJRA), MICH. COMP. LAWS § 691.1151 et seq.  They direct the Court to various provisions of the UFMJRA providing that:

- A foreign judgment is not conclusive if the foreign court did not have personal jurisdiction over the defendant.  Id. at § 691.1154(1)(b);

- A foreign judgment need not be recognized if the defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend.  Id. at § 691.1154(2)(a); and

- A foreign judgment need not be recognized if the judgment was obtained by fraud.  Id. at § 691.1154(2)(b).

What plaintiffs fail to recognize is that the UFMJRA is inapplicable here.  The definitions section of the statute provides that a "foreign judgment" is a judgment of a "foreign state," which is defined as "any governmental unit other than the United States. . . ."  Id. at § 691.1151 (emphasis added).  Plaintiffs are attacking the validity of a judgment from North Carolina, not a judgment from another country.  Accordingly, their reliance on the above statutory provisions is misplaced.

Despite this shortcoming, however, and given plaintiffs allegations that they, inter alia, were not subject to personal jurisdiction in North Carolina and did not receive notice of Revels' suit there, the Court cannot recognize the "amended judgment" from the North Carolina court on which Revels relies in moving for summary judgment on res judicata grounds.  Under the Full Faith and Credit clause of the United States Constitution, U.S. CONST. art. IV, § 1, as implemented by the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts must give full faith and credit to "the public Acts, Records, and judicial Proceedings of every other State."  U.S. CONST. art IV, § 1. See also Jones v. State Farm Mut. Auto. Ins. Co., 202 Mich. App. 393, 406 ("The Full

Faith and Credit Clause requires that a foreign judgment be given the same effect that it has in the state of its rendition."). This, however, does not mean that the Court cannot inquire into the validity of a foreign judgment. Indeed, the Court need not give full faith and credit to a foreign judgment when the jurisdiction of the foreign court has been attacked. See Cal. v. Max Larsen, Inc., 31 Mich. App. 594, 597-98 (1971). "[C]ollateral attack may be made in the courts of this state by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it." Delph v. Smith, 354 Mich. 12, 16 (1958).

Plaintiffs have attacked the validity of the North Carolina "amended judgment" on various grounds, including that the North Carolina court lacked personal jurisdiction over them. Accordingly, plaintiffs created a genuine issue of material fact precluding an award of summary judgment. Revels did not file a reply brief to overcome plaintiffs' challenges to the North Carolina judgment, nor did she offer any statement on this subject at oral argument. Accordingly, Revels is not entitled to summary judgment.

SO ORDERED.


Dated: January 20, 2006         s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2006, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160