UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEGEND MOBILE, INC., and
PETER KLAMKA in his individual
capacity,

    Plaintiffs,

v.                                                                                          Case No. 05-73080

REBEKAH CHANTAY REVELS,                                      HONORABLE AVERN COHN
JEAN RENARD, and
MISS WORLD HOLDINGS, INC.,

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT REVELS' RENEWED MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This is a declaratory judgment action. Plaintiffs Legend Mobile, Inc. (Legend Mobile) and Peter Klamka (Klamka) are suing Defendants Rebekah Chantay Revels (Revels), Jean Renard (Renard), and Miss World Holdings, Inc. (Miss World) for a declaration that, inter alia, Revels does not have a claim against them for her participation in the 2002 Miss World pageant, an international beauty contest.[1]

Before the Court is Revels' Motion for Reconsideration and/or Renewed Motion for Summary Judgment.[2] For the reasons that follow, the motion will be granted.

---

[1] See http://www.missworld.tv.

[2] As explained infra, the Court previously denied Revels' motion for summary judgment.

1

## II. Background[3]

**A.**

Revels was a participant in the 2002 Miss World pageant. Also in that year, Klamka, an investment banker and president of Legend Mobile, loaned $25,000 to Miss World to provide start-up capital. He agreed to provide consulting services to Miss Word. Plaintiffs say that they had nothing to do with the operation of Miss World; rather, they say that Renard controlled the daily operations and management of Miss World.

Plaintiffs say that, in 2002, Revels and her attorney, Barry Nakell, regularly solicited Klamka for more money and publicity. They say that Revels called and wrote to Klamka in Michigan in hopes of entering into a contractual relationship with him. They say that Klamka directed Revels to Renard and explained that he was an investor in Miss World only and had nothing to do with its operations. Plaintiffs say that Renard repeatedly has threatened lawsuits against them and made defamatory statements about them to the media and people with whom plaintiffs conduct business.

**B.**

As explained below, the dispute between Legend Mobile, Klamka, and Revels spawned two lawsuits - one in North Carolina state court and this federal case, and has also involved the Washtenaw County Circuit Court. The sequence of events is complicated as both the North Carolina case and this case have overlapped. What follows is a chronological breakdown of the events in the North Carolina case, this case,

---

[3]Some of the background is taken from the Court's Memorandum and Order Denying Defendant Revels' Motion to Dismiss and Motion for Summary Judgment and Directing Defendant Revels to File and Answer, filed January 20, 2006.

and in Washtenaw County Circuit Court.

### 1. The North Carolina Case

At some time in early 2005, Revels sued Legend Mobile and Klamka in the Superior Court of Roberson County, North Carolina (hereinafter referred to as "state court") apparently claiming breach of contract and unfair trade practices under state law. Revels v. Klamka, 05-CV-771 (North Carolina Sup. Ct.)

On March 15, 2005, Revels served Legend Mobile by service on its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilimington, DE 19808.  See Revels Ex. A - Return of Service.  Legend Mobile did not appear in the action.

On April 15, 2005, the Clerk entered a default against Legend Mobile.  See Revels Ex. B - Entry of Default.

Revels' counsel, Nakell, tried to serve Klamka in the following ways.  Service was attempted by certified mail addressed to him at 1000 County Club Road, Ann Arbor, Michigan, 48105; Eisenhower Parkway, Suite 102, Ann Arbor, Michigan, 48108, 1351 Heatherwood Lane, Ann Arbor, Michigan, 48108, and at a corporation where Klamka is a member of the Board, Sun Network Group, 1440 Coral Ridge Drive, Coral Springs, Florida, 33071.  See Revels' Exhibits D, E, F.  Service at the County Club address was returned stamped "refused/unclaimed."  See Revels' Exhibit G.

Nakell then attempted service on Klamka via the Washtenaw County Sheriff at the three Ann Arbor address during April and the beginning of May 2005.  Diana M. Morton (Morton) of the Washtenaw County Sheriff's Department, attempted service.  At the Eisenhower Parkway address, Morton was told by an unidentified person that

Klamka was in New York and the person (unidentified) would pass on the information and that he would not be back before two weeks.  At the County Club address, Morton noted the residence looked vacant except for a television and a few clothes in a closet. Morton left her card.  She then went to the Heatherwood address several times with no answer.

On May 2, 2005, Woodbury Bowen, a North Carolina attorney, called Nakell and informed him that he had been retained by Klamka regarding the case and that Klamka desired a settlement.  Bowen requested that Nakell send him a letter with a statement of Revels' claimed expenses.  Nakell sent the letter to Bowen on May 3, 2005.  See Revels' Exhibit I - Affidavit of Barry Nakell.

On May 4, 2005 at 5:35 pm, Klamka called Morton and stated he is selling his house, that a relator called him with the officer's number, that he is and has been living in New York for the last two years.  See Revels' Exhibit H - Affidavit of Diana M. Morton of the Washtenaw County Sheriff's Department.

.       On May 23, 2005, Bowen left a voice message for Nakell stating that Klamka had retained him, that service would not be a problem as Klamka would appear, and left information regarding a settlement.  Nakell responded with a voice message to Bowen asking that Bowen make a formal appearance.  See Revels' Exhibit I.  On June 1, 2005, Nakell served Bowen with a copy of Officer Morton's affidavit detailing her attempts to serve Klamka.  See Revels' Exhibit J.

On July 25, 2005, Nakell met Bowen at Bowen's office to discuss mediation. Apparently, Bowen had previously advised Nakell that Klamka would come to Raleigh-Durham airport in North Carolina to engage in mediation at a place near the airport.

While discussing Klamka's mediation in person, Bowen agreed that if mediation did not result in a settlement, Nakell would be able to serve Klamka at that time.  Bowen also stated that he would advise Klamka that if a settlement was not reached, that Klamka appear in the case or authorize Bowen to do so and that Bowen would refuse to represent Klamka if he did not agree.  See Revels' Exhibit K - Second Affidavit of Barry Nakell.

On August 2, 2005, Bowen wrote to Nakell stating that the mediation proposal "remains firm," but did not give a date.  See id.

Nakell responded by letter dated August 4, 2005.  Nakell did not hear back from Bowen.  See id.  At no time did Bowen inform Nakell where Klamka was living.  See id.

On August 10, 17, and 24, 2005, Nakell served Klamka by publication in Robeson County, North Carolina under state law.  See Revels' Exhibit L - Affidavit of Linda Barnes re notice of publication in The Robesonian.  Nakell also sent a copy of the Notice of Publication to Bowen.  See Revels' Exhibit K.

On September 26, 2005, the state court entered a default against Klamka.  See Revels' Exhibit M - Entry of Default.

Nakell then filed a motion for entry of default judgment which was scheduled for hearing on October 17, 2005.  At the hearing, Nakell presented the testimony of Revels, a Third Affidavit of Barry Nakell which generally outlines the communications between Nakell and Klamka regarding Revels' participation in the Miss World competition.  According to Nakell, Bowen was present in court that date and sitting in the front row of the courtroom.  See Revels' Exhibit O - Fourth Affidavit of Barry Nakell.

On that same day, the state court entered a judgment against Klamka, making detailed findings of fact and conclusions of law, including the following:

> The Court properly entered the default of Defendant Peter Klamka on September 26, 2005.

See Revels' Exhibit P - Judgment (attached).  The state court awarded Revels a judgment against Legend Mobile and Klamka in the amount of $18,885.82 which under state law was trebled to $67,693.20, plus attorney fees of $9,750.00 and costs of $229.00 for a total of $77,672.20.

On October 25, 2005, the state court entered an Amended Judgment which was identical to the October 17, 2005 judgment with the exception of including pre-judgment interest calculations.

On November 26, 2006, Klamka, proceeding pro se, filed a motion for relief from the default judgment on behalf of himself and Legend Mobile.  Revels says this motion was denied, although the record does not contain a copy of the state court's order.

### 2.  The Federal Case

On August 5, 2005, Legend Mobile and Klamka filed this case, though attorney Angela Collette, seeking declaratory relief regarding Revels' participation in the Miss World competition.  Interestingly, the complaint avers that "Plaintiff Peter Klamka is a resident of Washtenaw County, in the State of Michigan."  Complaint at ¶ 1.

Revels did not immediately retain counsel to defend her in this case.

On September 19, 2005, Revels filed a pro se motion to dismiss on the grounds of lack of personal jurisdiction.

On October 4, 2005, plaintiffs, though Collette, responded to Revels' motion to

dismiss.

On November 3, 2005, Revels, still proceeding pro se, filed a motion for summary judgment in this case on the grounds of res judicata, referring to the state court judgment. Legend Mobile and Klamka did not file a timely response to the motion.

On January 11, 2006, Legend Mobile and Klamka, again through counsel Collette, filed a response to Revels' motion for summary judgment. They argued that summary judgment should not be granted because the default judgment obtained in North Carolina was not valid because (1) the court lacked personal jurisdiction over them, (2) they were not properly served, (3) Revels engaged in fraud by filing false proofs of service. Revels did not file a reply.

A hearing on Revels' motions was held on January 18, 2006 at which Revels appeared by phone. Collette did not appear; rather attorney Richard Klamka, presumably a relative of Klamka, appeared on behalf of Klamka, although he had not filed an appearance in the case. On January 20, 2006, the Court issued an order denying the motion to dismiss, denying the motion for summary judgment, and directing Revels to file an answer to the complaint. As to the state court judgment, the Court stated:

> Plaintiffs have attacked the validity of the North Carolina "amended judgment" on various grounds, including that the North Carolina court lacked personal jurisdiction over them. Accordingly, plaintiffs created a genuine issue of material fact precluding an award of summary judgment. Revels did not file a reply brief to overcome plaintiffs' challenges to the North Carolina judgment, nor did she offer any statement on this subject at oral argument. Accordingly, Revels is not entitled to summary judgment.

See Order at p. 13.[4]

Six days later, on January 26, 2006, attorney J. Michael Schrorer filed an appearance on behalf of Revels as well as an answer to the complaint.

On May 16, 2006, Revels filed the instant motion for reconsideration and/or renewed motion for summary judgment again raising the issue of res judicata based on the North Carolina judgment

On June 2, 2006, attorney Richard Kruger filed an appearance on behalf of Legend Mobile and Klamka.  Attorney Collette is apparently no longer representing Legend Mobile or Klamka.  On June 9, 2006, Legend Mobile and Klamka, though Kruger, filed a response to the motion.

### 3.  Washtenaw County Circuit Court

On December 14, 2005, Revels filed the Amended Judgment from North Carolina in Washtenaw County Circuit Court.  See Revels'; Exhibit T - Affidavit and Notice of Entry of Foreign Judgment.

Legend Mobile and Klamka apparently filed objections to entry of the judgment.

On February 26, 2006, the Washtenaw County Circuit Court denied Legend Mobile and Klamka's objections to entry of the North Carolina judgment, stating in part that they "failed to carry their burden that the North Carolina court did not have personal jurisdiction over them."  It is not clear whether Legend Mobile and Klamka raised the issue of service of process before the Washtenaw County Circuit Court.  See Revels' Exhibit U - Washtenaw County Circuit Court Order.

---

[4] Interestingly, the copy of the Court's order sent to attorney Collette's address was returned as undeliverable.

Legend Mobile and Klamka filed an appeal as of right to the Michigan Court of Appeals. On May 31, 2006, the Michigan Court of Appeals issued an order dismissing the appeal for lack of jurisdiction, noting that the Washtenaw County Circuit Court order "is no different than an order denying a motion to set aside a default judgment" which must be challenged by filing for leave to appeal. See Revels' Exhibit V - Michigan Court of Appeals Order. According to Revels, Legend Mobile and Klamka have sought leave to appeal, however, the Court of Appeals has not yet made a decision regarding the request.

### III.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8

9

F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV. Analysis

Revels makes a single argument in support of her motion for summary judgment: that the Court should dismiss this case based on res judicata. As set forth in detail above, before Legend Mobile and Klamka filed this suit, Revels already filed suit against them in North Carolina. A default judgment was entered against them in the amount of $77,672.20. The state court noted that Klamka and Legend Mobile made no appearance. The state court's findings of fact and conclusions of law included:

- In October 2002, Klamka and Legend Mobile entered into a contract in North Carolina for Revels to serve as the U.S. representative to the Miss World pageant in November 2002; and

- The contract provided for Klamka to provide to Revels, inter alia, travel expenses, including airfare, meals, and hotel; a "significant public relations effort;" coaching, training, and other development; the payment of $15,000 to Revels in 2003; a clothing allowance of $3,000; and development of commercial opportunities.

The state court found that Revels fully performed her responsibilities under the contract but that Klamka and Legend Mobile failed to perform their responsibilities other than to provide Revels roundtrip airfare to participate in the pageant.

Revels says that, based on the judgment from North Carolina, the complaint in the instant case must be dismissed based on claim preclusion. Michigan courts broadly apply res judicata to claims previously litigated and those arising out of the same transaction that could have been raised with the exercise of reasonable diligence. Dart v. Dart, 460 Mich. 573, 586 (1999). The doctrine is employed to prevent multiple suits litigating the same cause of action. Adair v. State, 470 Mich. 105, 121 (2004). Res judicata bars a second action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. Id.

Here, the state court entered an amended judgment against Klamka and Legend Mobile. This is a final decision on the merits. See ATAC Corp. v. Arthur Treacher's, Inc., 280 F.3d 1091, 1097 n.4 (6th Cir. 2002) ("The term final decision has a well-developed and longstanding meaning. It is a decision that ends litigation on the merits and leaves nothing more for the court to do but execute the judgment."). Additionally, the North Carolina action involves the same parties to this case, i.e., Klamka, Legend Mobile, and Revels. Although Klamka and Legend Mobile brought this suit against

11

more defendants than just Revels, only Revels is moving for summary judgment based on the North Carolina court's judgment. Finally, the matter in this case (i.e., plaintiffs' request for a declaratory judgment) could have been resolved in state court. Klamka and Legend Mobile, however, failed to appear and a default was entered against them. Here, they seek a declaration from the Court that, inter alia, Revels has no claim against them arising from her participation in the 2002 Miss World pageant. In state court, Revels sued Klamka and Legend Mobile for breach of contract arising out of her participation in the 2002 Miss World pageant. The state court entered a judgment against Klamka and Legend Mobile, finding that they breached a contract between them and Revels. Had Klamka and Legend Mobile elected to defend themselves in North Carolina, they could have asked that court to find that Revels has no claim against them – the same relief they seek here. They chose not to. Accordingly, all elements of res judicata are satisfied.

      The only issue is whether the Court should accept the validity of the default judgment because Klamka says he was not properly served and was not afforded due process.[5] He has not argued, as he did in response to the initial motion for summary judgment, that the state court lacked personal jurisdiction. Klamka argues at length in the response to the motion that service by publication was not proper under the circumstances. He says that notice should have been published in Michigan and New York papers, not a North Carolina paper. There are several problems with this argument. First of all, this argument is more appropriately addressed to the Washtenaw

---

[5]Legend Mobile does not argue that service was improper.

County Circuit Court where the North Carolina judgment is registered. Klamka also argued to the Washtenaw County Circuit Court, without success, that North Carolina lacked subject matter jurisdiction and therefore the judgment should not be entered in Michigan. It is not clear that he argued improper service, although he certainly could have. Second, in looking at the totality of the events set forth above, one cannot escape the conclusion that Klamka evaded service. Most notably, he informed Morton, the Washtenaw County Sheriff, that he was living in New York; yet, when he filed this action, he stated that he resides in Michigan. Service was attempted at three places in Michigan without success. Third, the state court has already determined that Klamka was properly served and failed to appear and also apparently denied Klamka's pro se motion for relief from the judgment. Fourth, it is clear from the sequence of events that Klamka had to have been aware of action in North Carolina. He does not dispute the existence of attorney Bowen, who apparently had discussions with Revels' North Carolina counsel, Nakell, nor that Bowen was present at the default judgment hearing. This case was filed during the pendency of the state court case - before a default judgment was entered.

     Overall, Legend Mobile and Klamka have failed to show a genuine issue of material fact as to whether the judgment from North Carolina was entered improperly. They are therefore barred by res judicata from litigating the issues raised in their declaratory complaint.

V.  Conclusion

For the reasons stated above, Revels' renewed motion for summary judgment is GRANTED.

Miss World remains as a defendant.  According to the docket sheet, Miss World has not been served or otherwise appeared in the case.  Legend Mobile and Klamka shall advise the Court within ten (10) days as to whether they wish to pursue any claims against Miss World.  If not, the Clerk shall enter a final judgment.

SO ORDERED.

Dated:  July 20, 2006      s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 20, 2006, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160