UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEGEND MOBILE, INC., and
PETER KLAMKA in his individual
capacity,

    Plaintiffs,

v.                                                  Case No. 05-73080

REBEKAH CHANTAY REVELS,            HONORABLE AVERN COHN
JEAN RENARD, and
MISS WORLD HOLDINGS, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT JEAN RENARD'S MOTION
TO DISMISS ACTION FOR DECLARATORY RELIEF**[1]

**I. Introduction**

This is a declaratory judgment action. Plaintiffs Legend Mobile, Inc. (Legend Mobile) and Peter Klamka (Klamka) are suing defendant Jean Renard (Renard) to have a matter regarding a contractual issue with a third party, Rebekah Chantay Revels (Revels),[2] resolved by a declaration holding Renard responsible for the breach of contract. The breach of contract dispute was adjudicated in North Carolina where a default judgment was entered against Legend Mobile and Klamka.

Before the Court is Renard's Motion to Dismiss Action for Declaratory Relief – No

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] Revels was originally named as a defendant; however, on July 20, 2006 the Court granted her motion for summary judgment based on res judicata.

Substantial Controversy, which, as will be explained, is more appropriately considered a motion for summary judgment. For the reasons that follow, the motion is DENIED.

## II.  Background[3]

### A.  General Background

Revels was a participant in the 2002 Miss World pageant. Also in that year, Klamka, an investment banker and president of Legend Mobile, loaned $25,000 to Miss World Holdings, Inc. (Miss World) to provide start-up capital. Klamka says he only agreed to provide consulting services to Miss World and he did not have anything to do with its operation. Klamka further says that Renard controlled the daily operates and management of Miss World.

Plaintiffs say that, in 2002, Revels and her attorney, Barry Nakell, regularly solicited Klamka for more money and publicity. They say that Revels called and wrote to Klamka in Michigan in hopes of entering into a contractual relationship with him. They say that Klamka directed Revels to Renard and explained that he was an investor in Miss World only and had nothing to do with its operations. Plaintiffs say that Renard repeatedly has threatened lawsuits against them and made defamatory statements about them to the media and people with whom plaintiffs conduct business. Ultimately, this dispute has spawned two lawsuits – one in North Carolina state court and this case, and has also involved a case in the Washtenaw County Circuit Court.

### B.  The North Carolina Case

---

[3] Some of the background is taken from the Court's Memorandum and Order Denying Defendant's Revel's Motion for Summary Judgment and Directing Defendant Revels to File an Answer, filed January 20, 2006. Additionally, some of the background is also taken from the Court's Memorandum and Order Granting Revel's Renewed Motion for Summary Judgment, filed July 20, 2006.

2

At some time in early 2005, Revels sued Legend Mobile and Klamka in Superior Court of Roberson County, North Carolina claiming breach of contract and unfair trade practices under state law. <u>Revels v. Klamka</u>, 05-CV-771 (North Carolina Sup. Ct.). Subsequently, on April 15, 2005 the clerk entered a default against Legend Mobile and based on Legend Mobile's failure to respond to Revel's subsequent attempts to serve the party a Default Judgment was entered on October 15, 2005.  The state court awarded Revels a judgment against Legend Mobile and Klamka in the amount of $18,885.82[4] which under state law was trebled to $67,693.20. plus attorney fees of $9,750.00 and costs of $229.00 for a total of $77,672.20.  This judgment is currently on appeal in North Carolina.

### C.  The Federal Case

On August 5, 2005, Legend Mobile and Klamka filed this case seeking declaratory relief regarding Revel's participating in the Miss World Competition and her contract.  This action named Revels, Renard and Miss World as defendants.  As noted above, Renard is the only remaining defendant as Revels was dismissed on summary judgment and Miss World is presumably no longer in business.[5]

---

[4] Damages were calculated as follows:
(1) $15,000 - the amount Revels was to have received for the year she was Miss World USA;
(2) $3,000 - the amount of Revels' clothing allowance; and
(3) $885.82 - reasonable expenses in accordance with the contract

[5] The current status of Miss World is unknown.  On July 28, 2006, plaintiffs filed a Notice of Intent to Proceed Against Defendant Jean Renard Only.  Moreover, both Klamka and Renard have indicated in their respective briefs that the venture was not successful.  Klamka, further claims the venture had lost its license to participate in the Miss World competition.

### D. Washtenaw County Circuit Court

On December 14, 2005, Revels filed the North Carolina default judgment in Washtenaw County Circuit Court. The Circuit Court denied Legend Mobile and Klamka's objections to entry of the judgment. Plaintiffs appealed, but the Michigan Court of Appeals dismissed the appeal for lack of jurisdiction.

### III. Legal Standards

### A. Motion to Dismiss

Plaintiffs have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1248 (1996).

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must take a plaintiff's well pleaded allegations as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039 40 (6th Cir. 1991). "A court may dismiss a complaint only if it is

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Moreover, Fed. R. Civ. P. 12(b) further limits a motion to dismiss as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

### B. Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8

F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

## IV.  Analysis

### A.  Parties Arguments

Renard says the case must be dismissed because plaintiffs have failed to plead an actual and substantial controversy.  Renard says that he had no authority or ability to bind Klamka and Legend Mobile, he was not a party to contractual discussions between Revels and Miss World, and that all accusations to the contrary are conjecture and are "highly unlikely" to result in a factual situation capable of being resolved by declaratory judgment.

Plaintiffs argue that Renard's motion to dismiss is a disguised motion for summary judgment, and should be treated as such.  They further argue that there is a material issue of fact, as supported by conflicting affidavits from each party, and that discovery has not been completed so at this time summary judgment would be inappropriate.  In the alternative, plaintiffs argue the motion should be denied for failure to follow the E.D. Mich Local Rule 7.1(c)(2) because a statement of issues presented and a table of authorities were not provided with the brief in support of the motion.

### B.  Conclusion

Although Renard characterizes the motion as a motion to dismiss for lack of a case or controversy, the basis for dismissal of the complaint is his affidavit which states

6

Klamka "made all financial arrangements with contestants" and that Klamka maintained the "sole authority to negotiate any terms of the Revels contract" (Renard Aff.,¶¶ 10, 11).[6]  Renard is clearing relying on matters outside of the pleadings in support of his motion.  The motion to dismiss should therefore be treated as a motion for summary judgment.  See Higgason v. Stephens, 288 F.3d 868, 874 (6th Cir. 2002) (citing Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1998)).  Furthermore, there is a clear issue of fact because Klamka's recount of the facts and circumstances that lead to the creation of Miss World and the Revels contract, as set forth in his affidavit, are vastly different from those put forth by Renard.  In short, the Court has before it competing versions of the facts from Renard's affidavit and Klamka's affidavit.  Summary judgment is not appropriate under this circumstance.

Moreover, discovery has not even begun yet which also renders summary judgment premature.  See Tarleton v. Meharry Medical College 717 F.2d. 1523, 1534 (6th Cir. 1983) (citing Alabama Farm Bureau Mutual Casualty Co, Inc.  v. American Fidelity Life Insurance Co., 606 F.2d. 602, 609 (5th Cir. 1979)).

Given this determination, the Court need not address the issue of alleged violations of the local rule.

SO ORDERED.

Dated:  March 1, 2007              s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

---

[6] Renard is also relying on an e-mail he sent Revel's attorney and Klamka, prior to the contract dispute, on October 1, 2002, where he states Klamka controls business matters.

**05-73080 Legend Mobile, et al v. Revels, et al**

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 1, 2007, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160